Filed 5/27/22  P. v. Farakesh CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047935 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1913911) |
| v. | |
| EAMON FARAKESH, | |
| Defendant and Appellant. | |

Pursuant to a negotiated plea agreement, defendant Eamon Farakesh pleaded no contest to a single felony count of taking or unauthorized use of a vehicle with the intent to temporarily deprive the owner of possession (Veh. Code, § 10851, subd. (a)).  As provided for in the plea agreement, the trial court granted Farakesh three years of probation.

On appeal, Farakesh raises two issues:  (1) the trial court abused its discretion by finding a factual basis for his no contest plea based on defense counsel's stipulation; and (2) this court should remand the matter to the trial court to reduce his probationary term under Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950).  The Attorney General maintains that the trial court did not abuse its discretion in finding a factual basis.  He concedes that remand is appropriate so that Farakesh may be resentenced.

We determine that the trial court did not abuse its discretion in finding a factual basis.  In addition, we agree with the parties that the case should be remanded for a

reduction in the probation term.  Thus, we reverse the probation order and remand with instructions.

## I.  BACKGROUND

### A.  *The Complaint*

On July 22, 2019, the Santa Clara County District Attorney's Office filed a complaint charging Farakesh with a single count of taking or unauthorized use of a vehicle with the intent to temporarily deprive the owner of possession, in violation of Vehicle Code section 10851, subdivision (a).  The complaint alleged that Farakesh "did take or drive a vehicle, a[n] Alfa Romeo Giulia, belonging to Alfa Romeo Stevens Creek dealership, without the consent of the owner and with the intent to temporarily deprive the owner of title to and possession of the vehicle."

### B.  *The Plea and Sentence*

On January 6, 2020, Farakesh pleaded no contest to a violation of Vehicle Code section 10851, subdivision (a).  In the advisement of rights, waiver, and plea form, Farakesh agreed to plead no contest in exchange for placement on probation for three years with four months of custody in the county jail.  Farakesh acknowledged by initialing the corresponding box that he "agree[d] there is [a] factual basis for my plea based on my discussions with my attorney(s) about the elements of the crime(s) and any defenses I may have, and I am satisfied with the advice I received."  He also acknowledged, again by initialing the corresponding box, "I have an attorney and I talked with my attorney about this case," and further indicated "I have had a full opportunity to talk with my attorney(s) about the facts of my case [and] the elements of the charge[,] . . . any defenses I may have[,] [and] the factual basis and consequences of this plea . . . ."

Defense counsel indicated, with her signature, "I stipulate there is a factual basis for the felony plea(s) and admissions."  The prosecutor, also with her signature, indicated:  "I stipulate there is a factual basis for the felony plea(s) and admissions. My stipulation is based on the investigative report(s) and the preliminary hearing

2

transcript (if there was a preliminary hearing), and the other material within the court's file."

At the change of plea hearing, the trial court asked Farakesh, as relevant here, "Did you go over this [plea change] form with your attorney?" Farakesh replied, "Yes." The court stated, "You seem hesitant to answer, sir." Defense counsel interjected, "He signed the form with my paralegal giving him the form." The court asked, "You went over the form with the paralegal?" Farakesh answered, "Yes." The court then asked, "Did you understand the information on the form?" Farakesh again answered, "Yes." After further questioning about the waiver form, Farakesh entered a no contest plea to the complaint. The court then confirmed with defense counsel that she concurred with Farakesh's waiver of rights and change of plea, and with the prosecutor that the waiver form correctly set forth the terms and conditions of the plea agreement. The court concluded: "I'll accept the defendant's pleas and make the findings and orders as set forth in the waiver form."

The probation department filed a sentencing report that contained no statement of facts. The report noted, however, that the victim, Alfa Romeo Stevens Creek, reported, " 'We recovered the vehicle so there is no need for restitution.' "

At the sentencing hearing on February 25, 2020, defense counsel informed the court that Farakesh "would like to be eligible for [electronic monitoring program], but he's very concerned about the consequences a felony would have for him." The court stated: "It's a felony. So there's nothing I can do. At some point you can ask to have it reduced to a misdemeanor, but you pled to a felony, and I have to sentence you as a felony." Farakesh reiterated his concerns to the court. The court stated in response, "it sounds like you have what we call buyer's remorse." The court asked defense counsel about the change of plea. Defense counsel stated that she "met with Mr. Farakesh a number of times" and informed him "this is not a situation we enter a plea, we can say never mind, we're not going to do this." Defense counsel further stated that she "advised

3

him of his right to a preliminary hearing, if he wanted one, and wanted to contest the charges." She said she also "let Mr. Farakesh know he has the right—I wanted to give him the opportunity to confer with an attorney if he wanted before entering his pleas. He did so on January 6th."

The court informed Farakesh, "I'm going to sentence you, then [you] can bring a motion to try to withdraw the plea." The court again characterized the situation as "buyer's remorse," noting that "usually the [district attorney] offers four months county jail. This [district attorney] gave you . . . [electronic monitoring program], which is rare; so you opted to take that instead of get[ting] the standard sentence which is four months county jail. Now, looking back, you're saying, 'You know what, it now could affect my future.' Your attorney told you that. So [is there] any legal cause why judgment should not now be imposed?" Defense counsel responded, "No, Your Honor." The court sentenced Farakesh to four months of county jail, suspended imposition of sentence, and granted formal probation of three years.

Farakesh filed a timely notice of appeal.

## II. DISCUSSION

Farakesh argues that the trial court abused its discretion by accepting his no contest plea without adequately ensuring there was a sufficient factual basis. He also argues that his probation term should be reduced based on a recent amendment to the Penal Code.

### A. *Standard of Review*

"A guilty plea is, for most purposes, the legal equivalent of a verdict of guilty reached by a jury." (*People v. Valladoli* (1996) 13 Cal.4th 590, 601.) "Indeed, it serves as a stipulation that the People need introduce no proof whatever to support the accusation: the plea ipso facto supplies both evidence and verdict." (*People v. Chadd* (1981) 28 Cal.3d 739, 748.) "A plea of no contest has the same legal effect as a guilty

4

plea," as it admits every element of the charged offense.  (*People v. Robinson* (1997) 56 Cal.App.4th 363, 368; see Pen. Code, § 1016, subd. 3.)[1]

"Section 1192.5 provides that for a conditional plea of guilty or no contest, the trial court is required to 'cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea.' " (*People v. Holmes* (2004) 32 Cal.4th 432, 438; see § 1192.5, subd. (c).)  This can be accomplished "by directly questioning the defendant, or by garnering statements and admissions by his counsel."  (*Holmes*, *supra*, at p. 440.)  "If the trial court inquires of defense counsel regarding the factual basis, counsel may stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement."  (*Id*. at p. 442.)  "When both parties stipulate on the record to a document, such as a police report, the factual basis requirement is met."  (*Id*. at p. 440.)  The trial court's acceptance of the plea, "after pursing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion."  (*Id*. at p. 443.)

### 1.  *The Trial Court Did Not Abuse Its Discretion in Finding A Factual Basis for The Plea*

Farakesh argues that the trial court abused its discretion by accepting his plea "without causing a sufficient inquiry to be made into the factual basis for the plea."  He contends that the bare stipulation obtained from defense counsel attesting to the existence of a factual basis did not satisfy the court's duty under section 1192.5.  The Attorney General argues that the trial court satisfied its statutory duty by accepting defense counsel's stipulation to a factual basis for the plea, citing *People v. Palmer* (2013) 58 Cal.4th 110 (*Palmer*).

---

[1] Unspecified statutory references are to the Penal Code.

5

The California Supreme Court explained in *Palmer* that "[s]ection 1192.5 requires the trial court to make *an inquiry* to satisfy itself that there is a factual basis for a conditional plea," and that a " 'stipulation by counsel to the plea's factual basis is consistent with the legislative purpose of the statute.' " (*Palmer*, *supra*, 58 Cal.4th at p. 118.) The court noted that the " 'better approach' " is for counsel to stipulate to a particular document that provides an adequate factual basis for the plea, so as to eliminate "any uncertainty regarding the existence of a factual basis." (*Ibid*.) However, the *Palmer* court embraced the Attorney General's argument "that a stipulation to a factual basis for a plea is akin to an evidentiary stipulation, the making of which is a tactical decision entrusted to trial counsel, and which is conclusive without reference to additional evidentiary support." (*Id*. at p. 117.) Thus, "a bare stipulation without reference to any document describing the facts may, in an appropriate case, satisfy the requirements of section 1192.5."[2] (*Id*. at p. 114.)

As in *Palmer*, the trial court in this case did not abuse its discretion by accepting defense counsel's bare stipulation of a factual basis. The complaint alleged that Farakesh "did take or drive . . . a[n] Alfa Romeo Giulia, belonging to Alfa Romeo Stevens Creek dealership, without the consent of the owner and with the intent to temporarily deprive

---

[2] The *Palmer* court explained it saw "several reasons to accord trial courts flexibility in establishing a factual basis for the plea, without undermining the primary goal of assuring that the defendant entered the plea voluntarily and intelligently. A defendant may be factually guilty but still hesitate to stipulate to the truth of an entire document like a police report that contains details he or she either disputes or simply does not want to admit. If there is no stipulated sentence, counsel may fear the police reports will demonstrate the existence of aggravating factors that could cause the court to impose a higher sentence, or to reject the plea bargain altogether. In sensitive cases involving intrafamilial violence and abuse, a defendant may wish to avoid having confidential information about the victim become part of the public record in the case." (*Palmer*, *supra*, 58 Cal.4th at p. 119.) Thus, "a rule limiting trial courts' discretion to accept conditional pleas predicated on stipulations by counsel would raise potential concerns for the defense function." (*Ibid*.)

the owner of title to and possession of the vehicle." The probation report related that the vehicle was returned. Farakesh pleaded no contest to the complaint as charged. In addition to defense counsel's stipulation, the prosecutor stipulated in the plea form to a factual basis based in part on her review of the "investigative report(s)" underlying this case. In sum, nothing in the record demonstrates that counsel's stipulation was inadequate, or that the trial court abused its discretion by accepting it. Thus, based on the factual record and stipulations of counsel, we conclude that the trial court acted well within its discretion when it found a factual basis for Farakesh's plea.

Farakesh distinguishes *Palmer* because the defendant in that case acknowledged in the plea colloquy that he had discussed the elements of the crime and any defenses with his attorney and was satisfied with his attorney's advice. (See *Palmer*, *supra*, 58 Cal.4th at p. 114.) Farakesh notes that at his plea colloquy, he attested to speaking with a paralegal concerning his plea form, not his attorney. The record on this point is somewhat unclear. On the plea form, Farakesh indicated, by checking the appropriate box, "I have an attorney and I talked with my attorney about the case." He further indicated he "had a full opportunity" to talk with his attorney about "the facts of my case," "the elements of the charge," "any defenses I may have," and "the factual basis and consequences of [his] plea . . . ." At the plea hearing, defense counsel represented that "[Farakesh] signed the form with my paralegal giving him the form." Defense counsel's signature on the plea form, however, indicated she had spoken to defendant about this form, the elements of the crime, and the facts of the case. This point was echoed at the sentencing hearing, where defense counsel reiterated specifically that "[a]fter looking at all rights and options, [Farakesh] did execute the waiver form, [I] answered each question" and that "I let [him] know [that] he has the right—I wanted to give him the opportunity to confer with an attorney if he wanted before entering his pleas. He did so on January 6th."

Although the *Palmer* court did find that the defendant in that case "had discussed the elements of the crime with his counsel, and [stated] that he was satisfied with counsel's advice" (*Palmer*, *supra*, 58 Cal.4th at p. 119), we do not find that factor determinative in this case. "The purpose of the factual basis requirement is to help ensure that the constitutional standards of voluntariness and intelligence are met." (*Id*. at p. 118.) Put another way, it " 'is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged. [Citation.] Inquiry into the factual basis for the plea ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead.' " (*People v. French* (2008) 43 Cal.4th 36, 50.)

The trial court's inquiry into the factual basis in this case satisfied this concern. At the plea colloquy, Farakesh affirmed that he understood the information on the plea form, that he personally initialed the boxes, and that he did so after reading the information next to the boxes. He further indicated on the plea form that he had discussed his case with his attorney, including elements of the charge, possible defenses, and the factual basis and consequences of his plea. As in *Palmer*, "[a]t no time did he protest his factual innocence." (*Palmer*, *supra*, 58 Cal.4th at p. 119.) Rather, in response to the trial court's voir dire, Farakesh confirmed his understanding of the proceedings and stated unequivocally that he wanted to proceed with a plea of no contest. As the *Palmer* court stated, "a bare stipulation without reference to any document describing the facts may, in an appropriate case, satisfy the requirements of section 1192.5." (*Id*. at p. 114.) We conclude this is such a case, and the trial court did not abuse its discretion in satisfying the requirements of section 1192.5.

## 2. *Assembly Bill 1950 Retroactively Applies to This Case*

Farakesh argues that his probation term should be reduced to two years because a three-year term of probation is no longer authorized. The Attorney General agrees that Farakesh is entitled to the benefit of Assembly Bill 1950.

At the time of Farakesh's sentencing in February 2020, the trial court had the authority to impose a three-year term of probation. (Former § 1203.1, subd. (a).) On January 1, 2021, Assembly Bill 1950 took effect and reduced the maximum probationary term for most felony offenses to two years. (Stats. 2020, ch. 328, § 2; § 1203.1, subds. (a), (m); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879.) Section 1203.1, subdivision (a), now states in relevant part: "The court, or judge thereof, in the order granting probation, may suspend the imposing or the execution of the sentence and may direct that the suspension may continue for a period of time not exceeding two years, and upon those terms and conditions as it shall determine." There are exceptions to the new two-year limitation for certain felonies, but those exceptions do not apply here. (See § 1203.1, subd. (m).)

We agree that this amendment is retroactive to all nonfinal cases. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 627.) Because Farakesh's case is not yet final, Assembly Bill 1950 applies here. The parties dispute the appropriate remedy to reduce the probation term. Farakesh asks this court to simply reduce the term of probation to two years. The Attorney General asserts that remand is more appropriate: "Merely striking any portion of the probationary term that exceeds two years for a felony deprives the superior court and the parties of a necessary determination of the status of the probation at the time of termination." We agree with the Attorney General. Because we are not aware of the status of Farakesh's probation while the case has been pending on appeal, we will remand for the trial court to modify probation consistent with amended section 1203.1.

## III. DISPOSITION

The probation order is reversed. The matter is remanded to the trial court with directions to modify Farakesh's term of probation in accord with Penal Code section 1203.1, subdivision (a), as amended by Assembly Bill No. 1950 (2019-2020 Reg. Sess.).

_____

                                                  Wilson, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P.J.

_____

Danner, J.

People v. Farakesh
H047935